UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------X
GE Seaco SrL and GE Seaco Services
Limited

          Plaintiffs,

       -against-

M/S Hull & Hatch Logistics LLC, a/k/a
Hull & Hatch Logistics LLC, Dubai
Outdoor Media LLC, a/k/a Dubai Outdoor
Media and Dom International FZ-LLC

          Defendants.
--------------------------------------------------X

09 Civ.

**VERIFIED COMPLAINT**

09 Civ. 8769 (PAC)

PLEASE TAKE NOTICE that Plaintiffs, GE SEACO SRL and GE SEACO

SERVICES LIMITED (collectively "GE SEACO"), by their attorneys, MAHONEY &

KEANE, LLP, as and for a Complaint against Defendants, M/S Hull & Hatch Logistics

LLC, a/k/a Hull & Hatch Logistics LLC ("M/S HULL & HATCH"), Dubai Outdoor

Media LLC, a/k/a Dubai Outdoor Media ("DUBAI OUTDOOR MEDIA") and Dom

International FZ-LLC ("DOM INTERNATIONAL"), alleges, upon information and belief,

as follows:

1.     This is a case of admiralty and maritime jurisdiction within the meaning of Rule

9(h) of the Federal Rules of Civil Procedure. Jurisdiction is based upon 28 U.S.C. § 1333.

2.     Plaintiff GE SEACO SRL is a legal entity duly organized and existing pursuant

to the laws of a foreign country with a place of business located at Chancery House, High

Street, Bridgetown, Barbados.

3.     Plaintiff GE SEACO SERVICES LIMITED is a legal entity duly organized and

existing pursuant to the laws of a foreign country with a place of business located at 21 St.

Thomas Street, London, SE1 9RY.

4.    Defendant M/S HULL & HATCH is a business entity organized and existing pursuant to the laws of a foreign country, with a place of business located at 301 3rd Floor, Office Lands Building, PO Box 49653, Karama, Dubai, United Arab Emirates.

5.    Defendant DUBAI OUTDOOR MEDIA is a business entity organized and existing pursuant to the laws of a foreign country, with a place of business located at #81 DOM Buildings, Plot 369-958, Industrial Area 4, Al Quoz, PO Box 37532, Dubai, United Arab Emirates.

6.    Defendant DOM INTERNATIONAL is a business entity organized and existing pursuant to the laws of a foreign country, with a place of business located at 102 Building 1, Dubai Media City, PO Box 502224, Dubai, United Arab Emirates.

7.    Plaintiffs, as lessors, Defendant M/S HULL & HATCH, as lessee, entered into a series of agreements for the lease of containers for the purpose of oceangoing trade.

8.    Defendants DUBAI OUTDOOR MEDIA and DOM INTERNATIONAL further executed guarantees whereby they agreed to unconditionally and irrevocably guarantee the performance of any and all obligations of Defendant M/S HULL & HATCH under the relevant leases, and agreed that in the event that Defendant M/S HULL & HATCH failed to perform under the leases they would pay to Plaintiffs any and all charges, costs and other moneys to be paid by Defendant M/S HULL & HATCH, (including but not limited to all rental charges, costs associated with repair and maintenance of container, costs associated with the return of the containers in accordance with the terms of the leases, replacement costs of containers in the event of loss or destruction and any other charges made, incurred or created under the leases), and procure the due and punctual performance by M/S HULL

& HATCH of all its obligations under the leases.

9.    Under the terms of the lease agreements, Defendant M/S HULL & HATCH was required to provide rental payments to Plaintiffs for the use of the container equipment at times determined by the agreements.

10.    Under the terms of the guarantees Defendants DUBAI OUTDOOR MEDIA and DOM INTERNATIONAL were required to provide rental payments to Plaintiffs in the event that Defendant M/S HULL & HATCH failed to provide payment.

11.    Defendants breached the lease agreements and guarantees by, unlawfully and in contravention of the terms of the agreements and guarantees, failing to provide rental and other payments due under such lease agreements in the amount of $476,936.94, as well as accrued interest thereon.

12.    As a result of Defendants' failure to provide such payments, Plaintiffs have incurred and will continue to incur damages, costs and expenses for which Defendants are liable under the terms of the lease agreements, guarantees and at law.

13.    In accordance with the terms of the agreements and guarantees, Plaintiffs provided Defendants with Notices of Default and Termination of the agreements between the parties.

14.    Under the terms of the agreements, guarantees and the Notices of Default and Termination, Defendants were required to return all leased containers upon receipt of Plaintiffs' Notices of Default and Termination.

15.    Defendants breached the agreements and guarantees by unlawfully and in contravention of the terms of the agreements and guarantees, failing to return Plaintiffs' containers.

16.    As a result of Defendant's failure to return Plaintiffs' containers, Plaintiffs have incurred and will continue to incur damages, costs and expenses for which Defendants are liable under the terms of the lease agreements, guarantees and at law.

17.    Under the terms of the agreements and guarantees, Defendants were required to provide Plaintiffs with the depreciated replacement value of any containers that were not returned to Plaintiffs.

18.    Presently, the depreciated replacement value of all containers that have not been returned to Plaintiffs is $3,240,654.18, which is due and owing to Plaintiffs.

19.    Defendants breached the agreements and guarantees by unlawfully and in contravention of the terms of the agreements and guarantees, failing to pay the depreciated replacement value for any containers that were not returned to Plaintiffs.

20.    As a result of Defendants' failure to pay for the containers' depreciated replacement value, Plaintiffs have incurred and will continue to incur damages, costs and expenses for which Defendants are liable under the terms of the lease agreements, guarantees and at law.

21.    Plaintiffs are about to commence proceedings in  the High Court of England and Wales seeking to recover under the referenced claims.

22.    Under English law, attorneys' fees, interest, and costs are routinely awarded to the prevailing party.

23.    As a result of Defendants' breach of the agreements and guarantees, Plaintiffs have sustained damages, and, as best as can now be estimated, Plaintiffs expect to recover the following amounts:

Principal Claims

| | |
|---|---|
| Lease payments | $476,936.94 |
| Container replacement value | $3,240,654.18 |
| Subtotal | $3,717,591.12 |
| Attorneys' fees and costs | $300,000.00 |
| Interest compounded yearly for 3 yrs at 6.5% | $773,071.68 |
| Total | $4,790,662.80 |

24.    Plaintiffs sue on their own behalf and as agents and trustees on behalf of any other party who may now have or hereinafter acquire an interest in this action.

25.    All conditions precedent required of Plaintiffs in the aforesaid agreements have been performed.

26.    Defendants cannot be found, within the meaning of Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims, within this District, but, upon information and belief, Defendants have or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court held in the hands of garnishees including, but not limited to, Bank of America, Bank of New York Mellon, Citibank, HSBC Bank USA NA, J.P. Morgan Chase, Standard Chartered Bank, Wachovia Bank N.A., Deutsche Bank AG, ABN AMRO Bank N.V., American Express Bank Ltd., Barclays' Bank, Bank of China, BNP Paribas, Societe Generale Bank, Credit Suisse and/or UBS, which are believed to be due and owing to Plaintiffs.

27.    For the purpose of obtaining personal jurisdiction over Defendants and securing Plaintiffs' claim as described above, Plaintiffs seek and order from this Court directing the Clerk of the Court to issue process of maritime attachment and garnishment pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty

and Maritime Claims, restraining and attaching any assets, cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit freights, sub-freights, charter hire, sub-charter hire, and/or other assets belonging to, due or for the benefit of Defendants, including but not limited to such assets as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking institutions including but not limited to the aforesaid garnishees and/or any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment may be served.

WHEREFORE, Plaintiffs pray:

A.     That process in due form of law issue against Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Complaint;

B.     That, since Defendants cannot be found in this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, the Court direct the Clerk of the Court to issue an order, pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty, restraining and attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including but not limited to the Bank of America, Bank of New York Mellon, Citibank, HSBC Bank USA NA, J.P. Morgan Chase, Standard Chartered Bank, Wachovia Bank N.A., Deutsche Bank AG, ABN AMRO Bank N.V., American Express Bank Ltd., Barclays' Bank, Bank of China, BNP Paribas, Societe Generale Bank, Credit Suisse, UBS and/or any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment may be served, in the amount of $4,790,662.80 to secure Plaintiffs' claims, and that all persons claiming any interest in the same be cited to appear and answer the matters alleged in the Complaint;

C.     That the Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof.

        D.      That Plaintiffs have such other and further relief as this Honorable

Court may deem just and proper.

Dated:       New York, New York
             October 15, 2009

                          Respectfully submitted,
                          MAHONEY & KEANE, LLP
                          Attorneys for Plaintiff
                          GE SEACO SRL and GE SEACO
                          SERVICES LIMTED

By:       _____

        Jorge A. Rodriguez
        11 Hanover Square, Tenth Floor
        New York, New York 10005
        (212) 385-1422

## ATTORNEY VERIFICATION

STATE OF NEW YORK         :
                          : SS.:
COUNTY OF NEW YORK    :

1.      My name is Jorge A. Rodriguez.

2.      I am over 18 years of age, of sound mind, capable of making this

Verification and fully competent to testify to all matters stated herein.

3.      I am the attorney for Plaintiffs and I am fully authorized to make this

Verification on their behalf.

4.      I have read the foregoing Complaint and the contents thereof are true and

accurate to the best of my knowledge, information and belief.

5.      The reason that this Verification was made by me and not the Plaintiffs is

that the Plaintiffs are corporations none of whose officers are present in this District.

6.      The source of my knowledge is information and records furnished to me by

the Plaintiffs and their counsels, all of which I believe to be true and accurate.

Dated:         New York, New York
               October 15, 2009

                                              Jorge A. Rodriguez

VERIFIED AND SWORN TO BEFORE ME
THIS 15 DAY OF OCTBY 2009
BY Jorge A. Rodriguez

NOTARY PUBLIC

GARTH S. WOLFSON
NOTARY PUBLIC
State of New York No. 02WO5078946
Qualified in New York County
Term Expires 4/24/2011

12/3934                                    8